**KAI SHUN CHEN, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General,\* Respondent.**

**No. 08–0073–ag.**

United States Court of Appeals, Second Circuit.

April 15, 2009.

Feng Li, Law Offices of Fengling Liu, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General, Terri J. Scadron, Assistant Director, Greg D. Mack, Senior Litigation Counsel, Heather S. Navarro, Of Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. SONIA SOTOMAYOR, Hon. ROBERT A. KATZMANN and Hon. B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

Kai Shun Chen, a native and citizen of the People's Republic of China, seeks review of a December 18, 2007 order of the BIA, affirming the January 27, 2006 decision of Immigration Judge ("IJ") Vivienne E. Gordon–Uruakpa, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Kai Shun Chen,* No. A079 415 647 (B.I.A. Dec. 18, 2007), *aff'g* No. A079 415 647 (Immig. Ct. N.Y. City Jan. 27, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA adopts and affirms the IJ's finding that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, we review the opinions of both the BIA and the IJ. *See Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 394 (2d Cir.2005). We review the agency's factual findings, including adverse credibility findings, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey,* 519 F.3d 90, 95 (2d Cir.2008).

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

We find that substantial evidence supports the agency's adverse credibility determination. The agency acted reasonably in basing its finding in large part on the discrepancies between Chen's testimony and that of his cousin, Won Lin Chen, regarding Chen's living arrangements, his alleged practice of Falun Gong immediately after arriving in the U.S., his promotion of Falun Gong, and his place of practice generally.

The agency was entitled to rely on the cumulative effect of these inconsistencies in finding that Chen was not credible. *See Tu Lin v. Gonzales,* 446 F.3d 395, 402 (2d Cir.2006). Although Chen contends that the agency erred by failing to give him an opportunity to explain these inconsistencies, his argument is unavailing where the BIA did consider Chen's explanation—that his cousin forgot these details but now remembers the facts in accordance with his testimony. Because no reasonable factfinder would be compelled to accept this explanation, it was not error for the agency to reject it. *See Majidi v. Gonzales,* 430 F.3d 77, 80–81 (2d Cir.2005).

In addition, the agency did not err in relying on Chen's inability to explain any of the principles of Falun Gong in finding him not credible. *Cf. Rizal v. Gonzales,* 442 F.3d 84, 90 (2d Cir.2006). Chen does not challenge the IJ's finding that his demeanor and his failure to produce as a witness a fellow Falun Gong practitioner in the U.S. both served to undermine his credibility. We therefore deem waived any challenge to these findings. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 545 n. 7 (2d Cir.2005).

Ultimately, the agency's denial of Chen's application for asylum, withholding of removal, and relief under the CAT was not in error. *See Paul v. Gonzales,* 444 F.3d

148, 156 (2d Cir.2006) (withholding of removal and CAT claims must fail when petitioner is unable to show objective likelihood of persecution needed to make out an asylum claim and the claims are based on the same factual predicate).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).